# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RAYMOND MONTOYA,

    Plaintiff,

vs.                                                                       No. 17-CV-00081-WJ-SMV

JACOBS TECHNOLOGY, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

THIS MATTER comes before the Court upon Plaintiff's Opposed Motion for Leave to Amend His Complaint, filed December 22, 2017 **(Doc. 40)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is not well-taken and, therefore, is denied.

## BACKGROUND

This is an employment discrimination claim. Plaintiff is a former employee of Jacobs Technology, Inc. ("Jacobs") and in the current Amended Complaint (Doc. 6) alleges discrimination, retaliation, wrongful termination and hostile work environment, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-632. Plaintiff seeks to amend the complaint to include a claim brought under the Family and Medical Leave Act of 1993, 29 U.S.C. §2615(a)(1), (2) ("FMLA").

## DISCUSSION

Under Fed.R.Civ.P. 15(a)(2), a court should freely give leave to amend pleadings "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. 571, 579-80 (D.N.M. 2010). The decision about whether to provide a party leave to amend pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Although leave to amend is generally freely granted, it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing part. <u>Castleglen, Inc., et al. v. R.T.C.</u>, 984 F.2d 1571 (10th Cir. 1993).

Defendant contends that the motion to amend should be denied on all three grounds. Plaintiff claims that he is not seeking to add a new cause of action and that his FMLA claim, and although it may be outside the allowable FMLA limitations period, is nevertheless timely because it relates back to the original complaint, which was filed in state court on November 12, 2016. Following removal of this case to federal court, Plaintiff amended the complaint on February 7, 2017. Discovery in this case ended on December 18, 2017. Doc. 24.

During Plaintiff's deposition in this case, on November 15, 2017, Defendant's counsel asked Plaintiff questions about his FMLA leave in order to understand whether he claimed any medical condition that would support his ADA claims. Plaintiff explained that he had given his employer notice for leave pursuant to the FMLA and that the human resources director had received the notice on January 5, 2015. The notice requested FMLA leave for the delivery of his child and post-partum recovery for his wife and that the anticipated delivery date was July 22, 2015. Doc. 40-1 at 1 (Ex. 42). Plaintiff also testified at his deposition that the company's branch

manager called Plaintiff on July 17, 2015 to discharge him as he was driving his wife to the delivery room to deliver his child. Ex. A at 163-64.

At the end of the scheduled depositions, Plaintiff's counsel advised that Plaintiff intended to seek leave to amend the complaint to add claims under the FMLA. Plaintiff filed the motion to amend over one month later, seeking to add an FMLA claim to the complaint.

According to the current complaint, *see* Doc. 6, Plaintiff claims that he was demoted in October 2010 because of his age when he was transferred from his position in Special Operations to Field Operations, and that Defendant's response to his complaints of discrimination was met with threats of disciplinary action and a hostile work environment.[1] Then, in July 2015, Plaintiff became injured when another Jacobs employee ran over him with a truck. As a result of the work-related injury, Plaintiff became disabled and felt that he was regarded by Defendant as disabled. Plaintiff contends that Defendant's subsequent discharge of Plaintiff was pretextual for discriminatory motives on the basis of age and disability.

The Court addresses first whether the motion is untimely, prejudicial and/or futile, and then considers whether the amendment may relate back to the original pleading to avoid the untimeliness issue.

## I. Prejudice to Defendant

Defendant claims it would be substantially prejudiced by the allowance of the amendment in light of the advanced stage of this case. Plaintiff failed to include any cause of action related to an FMLA claim until December 22, 2017, over five months following his deadline to amend pleadings and four days after the close of discovery.

---

[1] Defendant claims that Plaintiff's position with the company was affected by a reduction in force ("RIF") due to business necessity and that Plaintiff was the youngest person affected by the "RIF." Defendant also claims that Plaintiff was able to remain employed because of his seniority under the company's collective bargaining agreement. Joint Stat. Rep't, Doc. 17 at 4.

Plaintiff's delay in filing this motion does not appear to be egregious on its face; after all, the dispositive motions deadline expired only recently on January 18, 2018, about one month *after* Plaintiff filed the motion to amend. Doc. 24. Nevertheless, the Court finds that the delay poses no small impediment to Plaintiff's lately-filed request to amend the complaint when considered in context: Plaintiff admittedly had knowledge of all the background facts giving rise to a potential FMLA claim as far back as July 17, 2015, the date of his termination. In his deposition, Plaintiff stated that he had the "perception" that "the company was tired of [him] taking leave." Doc. 45-1 (Ex. A) at 91. Also, this motion was made after a five-month discovery period had ended. Defendant is already underway in the preparation of dispositive arguments on Plaintiff's claims, having recently filed its motion for summary judgment. Doc. 44.

There really is little explanation for Plaintiff's failure to assert an FMLA claim much earlier than what he has done, given that all the necessary facts and "perceptions" have been known to Plaintiff since his termination in July of 2015, according to his own testimony. *See Ritchie U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (finding that motion to amend was untimely and unduly prejudicial where it was made after close of a long discovery period and after defendant had filed a motion for summary judgment premised on the releases signed by plaintiff). The Court therefore finds that there would be some prejudice to Defendant in granting the motion, but the disposition of this motion rides on the untimeliness and futility factors.

## II. Untimeliness and Futility

In this circuit, untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

### A. Statute of Limitations Under the FMLA

Defendant argues that Plaintiff's motion is untimely and futile at the same time, pointing out that FMLA claims are subject to a two-year statute of limitations, although "willful" violations are subject to a three-year window. *See* 29 U.S.C. § 2617(c); 29 CFR §825.400 (a lawsuit "must be filed within two years after the last action which the employee contends was in violation of the Act, or three years if the violation was willful"). Plaintiff has nothing at all to say by way of argument on the statute of limitations issue, although he seems to concede the untimeliness of the motion on that basis.[2] The Court notes that the proposed amended complaint does not allege any "willful" conduct for the proposed FMLA amendment, and based on the chronology in this case, the FMLA claim is being raised about two and half years after Plaintiff's discharge. The Court therefore finds that Plaintiff concedes that the addition of an FMLA claim would be time-barred, unless of course the amendment "relates back" to the date the original pleading was filed.

### B. "Relation Back" Under Rule 15(c)

Fed.R.Civ. P. 15(c) deals with whether an amendment will be treated as though it was filed at an earlier date rather than the actual date of filing—that is, whether the amendment "relates back" to the date the original pleading was filed. Under that rule, an amendment "relates back" to the date of the original pleading if the "amendment asserts a claim . . . that arose out of

---

[2] Plaintiff notes that a case in which the plaintiff sought to add a claim brought under the FMLA thee years after the alleged termination occurred was "much more similar to the facts of this case . . . ." Doc. 43 at 5.

5

the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *A Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (citing *Mayle v. Felix,* 545 U.S. 644, 650 (2005)). At the same time, an amendment does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.*

Defendant contends that the FMLA claim is new and discrete and so does not relate back to the original complaint under Rule 15(c). In *Hernandez v. Valley View Hosp. Ass'n*, a plaintiff asserted national origin discrimination against her employer on the basis of hostile work environment and constructive discharge. 684 F.3d 950, 961–62 (10th Cir. 2012). The Tenth Circuit concluded that plaintiff's untimely Title VII retaliation claim did not relate back to filing date of timely original complaint because it asserted new grounds for relief supported by different facts. The court also rejected plaintiff's argument that her new claim related back because a retaliation claim was included in her EEOC charge, and noted that the phrase "original pleading" in Rule 15 refers to the complaint "in an ordinary civil case." 684 F.3d at 962. *Hernandez* would appear to support Defendant's position on the "relating back" issue under Rule 15(c), as the facts are not unlike the facts in the instant case.

However, Plaintiff insists that *Hernandez* is distinguishable because in that case, the retaliation was a new cause of action based on different facts, where here the FMLA claim is not a new cause of action at all but arises from the same transactions, events and occurrence as set out in his previous complaint.[3] Plaintiff offers his own cases in support of this position, but they do not help Plaintiff at all. In *Kidwell v. Bd. Of Cty. Comm'rs of Shawnee Cty.,* the district court of Kansas granted plaintiff's request to add an FMLA claim almost one year after the original

---

[3] Plaintiff claims that *Hernandez* is also distinguishable because plaintiff in that case had failed to exhaust—a point that is entirely irrelevant since the Tenth Circuit's ruling was not based on failure to exhaust.

complaint was filed. Plaintiff in that case was a corrections specialist at the county jail. His original complaint alleged only claims brought under the ADA. 40 F.Supp.2d 1201, 1217 (D.Kan. 1998), *aff'd sub nom. Kidwell v. Shawnee Cty. Bd. Of Cty. Comr's,* 189 F.3d 479 (10th Cir. 1999). However, the factual allegations in the original pleading also mentioned the employer's handling of plaintiff's extended sick leave for his bronchial carcinoid condition which was aggravated by the intense smoke at his work place and thus the district court found that the FMLA amendment arose "out of the same conduct, transaction, and occurrence as alleged in the plaintiff's original complaint":

> The original complaint put the defendant on notice that at issue were all of its reasons and bases for not transferring the plaintiff to a smoke-free unit, for its handling of the plaintiff's extended sick leave, and for allegedly refusing to let him return to work when the jail became smoke free. Specifically, the defendant knew that the plaintiff would be challenging the validity and legality of all these actions and of any business reasons the defendant would give for the actions. The addition of the FMLA claim here is a simple example of a plaintiff properly adding another theory of recovery to what are essentially the same factual allegations.

40 F. Supp. 2d at 1217. By comparison, there is no indication in the original complaint that Plaintiff had requested or taken sick leave (whether it was for himself or to help out his wife after delivery) or that this leave could form the basis of any claims against his employer. Defendant would not have known, nor should they, that Plaintiff could be adding an FMLA claim—nor did they know until after Plaintiff's deposition was taken in November of 2017.

Plaintiff also relies on another case, this time from the Eastern District of Virginia. In *Perry v. Am. Airlines, Inc.*, plaintiff was an employee of American Airlines who initially elected to exercise his right to file a grievance contesting his discharge. 405 F. Supp. 2d 700, 704 (E.D. Va. 2005). While the grievance was proceeding, plaintiff filed suit in federal court asserting claims of wrongful termination and unfair labor practices. The court observed that the complaint did not explicitly plead an FMLA claim, but it referenced FMLA and pled facts that, if proven,

would tend to show that his supervisor discouraged him from taking full FMLA leave and that he suffered adverse employment actions because he insisted on doing so. Thus, when the plaintiff sought leave to add an FMLA claim more than three years after his termination, the district court found that the claim arose "from precisely the conduct alleged in the original complaint" and that the original complaint was "arguably sufficient to put American on notice that Perry intended to assert an FMLA cause of action." 405 F.Supp.2d at 703-704.

In this case, however, there are no facts alleged in the original complaint which reference the FMLA or with any leave taken under the FMLA. The core operative facts are solely age-related and injury-related. They address only (1) Plaintiff's demotion and hostile work environment because of his age, and (2) discrimination based on his work-related injury. Plaintiff is off-track in arguing that he is not adding a new cause of action, but simply a new legal theory. The proposed FMLA claim is premised on Defendant's alleged conduct in connection with Plaintiff's request for leave "for the birth of his child and the need to care for the child and mother." Doc. 40-5, ¶25. These factual allegations can in no way be viewed as similar in type to facts related to Plaintiff's demotion or to alleged discrimination based on his work-related injury.

Moreover, there is no temporal connection at all between the facts in the original complaint and the proposed FMLA claim. *See Hospice, LLC,* 709 F.3d at 1018 (citing *Mayle,* 545 U.S. at 650) (an amendment does not relate back "when it asserts a new ground for relief supported by facts that differ in both **time** and type from those the original pleading set forth") (emphasis added). According to the complaint, Plaintiff's demotion occurred in October 2010, and the injury giving rise to his ADA claim occurred in July 2015. Plaintiff's FMLA claim

arises from his January 2015 request and notice, which are notably discrete from the temporal placement of his age and disability claims.

For the above reasons, the Court finds that Plaintiff's request to amend his complaint is untimely, prejudicial and futile. The Court also finds that the untimeliness of the request cannot be cured under Rule 15(c) because the proposed FMLA claim does not relate back to the original pleading.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Opposed Motion for Leave to Amend His Complaint **(Doc. 40)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE