**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **RAYMOND MONTOYA**, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 2:17-cv-00081-WJ-SMV |
| | § | |
| **JACOBS TECHNOLOGY, INC.,** | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION TO TAX COSTS**

Plaintiff Raymond Montoya files this Response to Defendant's Motion to Tax Costs, and would show the following.

1.      Defendant requests the Court to tax costs against Plaintiff.  However, the costs Defendant seeks to shift include unrecoverable sums, including the cost of lunch, delivery fees, and minimum charges and administrative fees assessed by Defendant's contracted records services.  Other costs Defendant seeks to shift were not necessarily incurred for use in the case, and should not be charged against Plaintiff.  Defendant's motion should be denied.

2.      On June 5, 2018, this Court granted Defendant's motion for summary judgment and rendered judgment in favor of Defendant. [Dkt. no. 56, 57].  On July 5, pursuant to Local Rule 54.1, Defendant filed a motion to tax costs.  Dkt. no. 61; D.N.M.LR-CIV. 54.1.  Plaintiff acknowledges that the prevailing party is generally allowed its costs.  FED.R.CIV.P. 54(d)(1).  However, on July 3, 2018, Plaintiff filed a timely notice of appeal. [Dkt. no. 58].  Plaintiff respectfully requests the Court to exercise its discretion to defer any assessment of costs until after the appeal is decided.

3.      If the Court does not defer ruling pending the appeal, it should deny Defendant's motion.  The burden is on the prevailing party to establish the amount of compensable costs and expenses to which they are entitled.  *English v. Colorado Dept. of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001). This includes explaining how the listed expenditures meet the requirements of the cost-shifting statute.  *Id.*  Defendant's motion attaches an itemization of taxable costs [Dkt. no. 61, p. 7] and attaches invoices for amounts corresponding to the itemization [*id*. pp. 8-21]. The itemization includes charges that are not recoverable as costs, and the attached invoices reveal unrecoverable charges included within the sums requested for otherwise recoverable costs.

4.      The first category of Defendant's itemization is "fees of the court."  [Dkt. no. 61, p. 7].  In this category, Defendant lists amounts paid to the clerk of this Court, to the clerk of the state court from which this case was removed, and to the New Mexico Department of Workforce Solutions Human Rights Bureau. [*Id*.].  Local Rule 54.2 does not list these fees as taxable costs. D.N.M.LR-Civ. 54.2.  By statute, "Fees of the clerk" are taxable costs.  28 U.S.C. § 1920(1). However, "Section 1920 does not authorize the taxing of state court filing fees or removal bond premiums in removal actions[.]"  *Pershern v. Fiatallis N. Am., Inc*., 834 F.2d 136, 140 (8th Cir. 1987).  "The sentence immediately preceding § 1920(1) makes clear that the antecedent for 'the clerk' includes only 'a clerk of any court of the United States.'  By implication, § 1920(1) does not include the filing fees of state court clerks."  *Thompson v. United Transp. Union*, No. 08-CV-65-LRR, 2009 WL 290472, at *5 (N.D. Iowa Jan. 26, 2009).  "[W]hile § 1920 provides for a recovery of 'fees of the clerk[,]' this refers only to the fees of the 'clerk of *this* Court,' and not fees paid to state clerks or agencies."  *Howe v. City of Akron*, No. 5:06-CV-2779, 2016 WL 916701, at *20 (N.D. Ohio Mar. 10, 2016), *aff'd*, 705 Fed. Appx. 376 (6th Cir. 2017), *quoting TD Prop., LLC v. VP Bldgs., Inc*., 635 F.Supp.2d 123, 125 (D. Conn. 2009) (emphasis in *Howe*

opinion).  State court clerk fees and NMDWS-HRB charges are not "fees of the clerk," and the Court should deny Defendant's motion to tax these costs against Plaintiff.

5.      Defendant's itemization also includes within "deposition costs" the charges for the video of the deposition of Plaintiff.  [Dkt. no. 61, p. 7].  Local Rule 54.2(b)'s description of taxable deposition costs does not include deposition videos.  D.N.M.LR-Civ. 54.2(b).  The video of the deposition of the Plaintiff was not used as evidence in connection with Defendant's motion for summary judgment.  [See Dkt. no. 44, p. 21 (list of exhibits)].  The Tenth Circuit has indicated that a party may recover video deposition costs as well as the cost of a stenographic recording, when both are "necessarily obtained for use in the case."  *Tilton v. Capital Cities/ABC, Inc*., 115 F.3d 1471, 1478 (10th Cir. 1997).  In this case, the unused video recording was not necessarily obtained for use in the case.  *See McCoy v. Ltd. Driving Sch., Inc*., No. 15-CV-00639-MCA/LAM, 2017 WL 3610552, at *6 (D. N.M. Feb. 21, 2017) (denying video deposition costs when not necessarily obtained for use in the case, when deponent would testify live at trial); *McQuitty v. Tropicana Entm't, Inc*., No. 13-CV-0932-MCA/GBW, 2016 WL 10592216, at *3 (D. N.M. Feb. 23, 2016) (same); *Mountain Highlands, LLC v. Hendricks*, No. CIV-08-0239-JB/ACT, 2010 WL 1631856, at *11 (D. N.M. Apr. 2, 2010) (denying video deposition costs when there was no independent use for the video).  For all of these reasons, the Court should deny Defendant's motion to tax this cost against the Plaintiff.

6.      Furthermore, the amounts included in Defendant's itemization of "deposition costs" are excessive.  The amounts on the itemization correspond to invoices from Russin Reporting LLC and Legal Video Services. [Dkt. no. 61 pp. 7, 15-17].  The invoices from Russin Reporting LLC include not only the costs of the depositions, but the "original and one copy" of the deposition of Plaintiff; the costs for copies of exhibits, including tabs, at 30 cents per page;

"Delivery/Handling" charges; "Miscellaneous (Lunch);" and sales taxes on these sums. [Dkt. no. 61, pp. 15, 17].  The invoice from Legal Video Services is not simply a charge for a video recording; it includes a "Production Fee" from "set-up" to "tear-down," represented to be 7.25 hours; a "Sync. Fee" for 4.5 recorded hours; and a shipping charge.  The Court should deny Defendant these costs:

a.   Plaintiff should not be assessed duplicative costs for both the original and a copy of his deposition.  Local Rule 54.2 permits recovery of the "original *or* a copy" of a deposition transcript, not both.  D.N.M.LR-CIV. 54.2(b)(1) (emphasis added).  *See also Valdivia v. Ohse Foods, Inc*., No. CIV-A-91-4284-DES, 1994 WL 116347, at *3 (D. Kan. Mar. 29, 1994) (disallowing costs for copy of deposition in addition to original).

b.   The charge for copies of exhibits is excessive.  Local Rule 54.2 provides that the cost for copying an exhibit is taxable when the exhibit is requested by the Court or when the copy is admitted into evidence.  D.N.M.LR-CIV. 54.2(e).  Defendant did not utilize all of the deposition exhibits as evidence in support of its motion for summary judgment.  Furthermore, Plaintiff submits that thirty cents per page is an excessive charge for copies.

c.   If costs are assessed for the video deposition, the cost should be limited to the actual cost of the video.  The charge for 7.25 hours of "production fee" in addition to a "Sync. Fee" for 4.5 hours should not be allowed.

d.   The delivery and shipping charges are not recoverable costs of court.  *Roth v. Spruell*, 388 Fed.Appx. 830, 837 (10th Cir. 2010) (listing postage and delivery service as non-reimbursable costs).

e.      Attorneys' meals are not taxable as costs of court. *Gary Brown & Associates, Inc.*

*v. Ashdon, Inc.*, 268 Fed.Appx. 837, 846 (11th Cir. 2008); *Burton v. R.J. Reynolds*

*Tobacco Co.*, 395 F.Supp.2d 1065, 1087 (D. Kan. 2005).

7.      The final category on Defendant's itemization is the cost for "exemplification and copies of papers necessarily obtained for use in the case." [Dkt. no. 61 p. 7]. Within this category, Defendant lists four sets of "medical records," although some of the listed items are not actually medical records. [*Id*.]. Local Rule 54.2 provides that the cost for copying an exhibit is taxable when the exhibit is requested by the Court or when the copy is admitted into evidence. D.N.M.LR-CIV. 54.2(e). Under section 1920, fees for exemplification and copies are recoverable "where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(4). The records listed in this section of Defendant's itemization were not utilized as summary judgment evidence, and not necessarily obtained for use in the case. The Court should deny Defendant's motion for these costs.

8.      Furthermore, the amounts included in Defendant's itemization of costs for exemplification and copies are excessive. The amounts on the itemization correspond to four invoices from Outstanding Record Services. [Dkt. no. 61, pp. 7, 18-21]. Those invoices include charges within five categories: All include a "Basic Affidavit Fee." [Dkt. no. 61, pp. 18-21]. All include a charge for a stated quantity of "Records: Working Copy;" two of them are at the unit price of 45 cents per record (presumably, per page) and the other two are based on a "Minimum Page Count." [*Id*.]. All include a fee for scanning. [*Id*.]. Two of the four include a "Custodian Fee." [*Id*. pp. 19, 21]. One includes an "Admin Fee." [*Id*. p. 21]. The Court should deny Defendant these costs. "For costs to be taxed under § 1920(4), an item must fit within either the category 'copies of paper' or the category 'exemplification.'" *Arcadian Fertilizer, L.P. v. MPW*

*Indus. Services, Inc*., 249 F.3d 1293, 1296 (11th Cir. 2001).   "Exemplification" means "an official transcript of a public record, authenticated as a true copy for use as evidence."  *Id.*  None of the amounts charged by Defendant's contracted records service for affidavit fees, scanning fees, custodian fees, or administrative fees constitute costs of "exemplification" or costs of "copies of paper;" therefore, these amounts may not be taxed to Plaintiff.  Defendant's counsel chose to contract with a private company and incur these costs for their own convenience, rather than using the resources of their law firm to obtain these materials, but that does not make them recoverable costs.  The amounts charged for "Records: Working Copy" may be "copies of paper," but Plaintiff respectfully submits that 45 cents per page is an excessive charge, and the imposition of a "Minimum Page Count" fee is not a charge for exemplification or for copies of paper.

9.      As a whole, Defendant seeks excessive costs and unrecoverable costs.  The Court should deny its motion.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant's Motion to Tax Costs be denied, and for such other relief to which he may be justly entitled.

Respectfully submitted,

BRETT DUKE, P.C.
4157 Rio Bravo
El Paso, Texas 79902
(915) 875-0003
(915) 875-0004 (facsimile)
brettduke@brettduke.com

*/s/ Brett Duke*
Brett Duke
New Mexico Bar No. 14633

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was electronically filed and that service on known Filing Users will be accomplished through the NEF to all CM/ECF registered parties on the case.

_**/s/ Brett Duke**_
Brett Duke